816 F.2d 679
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William D. DAVIDSON, Plaintiff-Appellant,
v.
Calvin EDWARDS, et al., Defendants-Appellees.
 No. 86-1671.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1987.
 
 Before MERRITT and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. The pro se plaintiff, a federal prisoner, appeals the dismissal of his Bivens-type action alleging a violation of his constitutional rights.
 
 
 2
 The plaintiff alleged that he was denied meaningful access to the prison law library because a regulation restricts the number of hours the library may be used. He claimed that this was a violation of his First Amendment rights and requested injunctive relief. In a motion to supplement his complaint, the plaintiff alleged that his prison account was charged $76.00 for photocopies of documents that he allegedly filed in this Court in another case. He claimed that the money was taken to harass him.
 
 
 3
 The Magistrate recommended that the complaint be dismissed for failure to state a claim upon which relief could be granted and the plaintiff objected. After a de novo review, the court adopted the Magistrate's report and recommendation.
 
 
 4
 After a review of the record and briefs, it is clear that the plaintiff failed to demonstrate a violation of his constitutional rights. Therefore, the dismissal of the complaint was proper.
 
 
 5
 A prison law library is but one factor in the totality of all factors bearing on the inmate's access to the courts. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985), citing Twyman v. Crisp, 584 F.2d 352 (10th Cir. 1978). Restricted access to the library is not a per se denial of access to the courts. Id. Rather, access to the library need only be reasonable and adequate. 771 F.2d at 931.
 
 
 6
 The plaintiff had access to the library 22 hours and 4 5 minutes per week. He failed to demonstrate that this amount of time was inadequate or unreasonable, or that it impeded his right of access to the court.
 
 
 7
 As to his claim of harassment, the plaintiff failed to allege any facts to support his claim. Nor has he shown that the cost of the photocopies prevented him from exercising his right of access to the courts. See Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983) (no "right to xerox;" prisoner must show that the denial prevented him from exercising his constitutional right of access to the courts).
 
 
 8
 For the foregoing reasons, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.